UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS JAMISON, | ) | 1:09-CV-00998 LJO GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| HAWS, | ) | [Doc. #20] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Madera, following his conviction by plea of no contest on December 17, 2004, to one count of grand theft (Cal. Penal Code § 487(a)) and one count of taking a vehicle without the owner's consent (Cal. Vehicle Code § 10851(a)). Petitioner admitted to having suffered three prior strike convictions. On October 31, 2005, Petitioner was sentenced to serve an aggregate indeterminate term of 50 years to life in state prison.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate

---

[1] This information is derived from the documents lodged by Respondent with his response.

1  District. On March 27, 2007, the appellate court affirmed the judgment.  Petitioner then sought

2  review in the California Supreme Court. On June 13, 2007, the California Supreme Court denied

3  review.

4       On October 29, 2008[2], Petitioner filed a habeas petition in the California Supreme Court. The

5  petition was summarily denied on April 22, 2009.

6       On May 17, 2009[3], Petitioner filed a federal petition for writ of habeas corpus in this Court.

7  He filed an amended petition on July 23, 2009. On June 18, 2010, Respondent filed a motion to

8  dismiss the petition as being filed outside the one-year limitations period prescribed by 28

9  U.S.C. § 2244(d)(1).  Petitioner filed an opposition on July 12, 2010.  Respondent filed a reply on

10  July 23, 2010.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

     The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

     In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

---

[2] The petition is undated and does not contain a proof of service. Therefore, the mailbox rule cannot be applied.

[3] Although the petition was filed in this Court on May 26, 2009, it contains a proof of service dated May 17, 2009. Pursuant to the mailbox rule, the Court will deem the petition filed on May 17, 2009, the date Petitioner presumably handed his petition to prison authorities for filing. Houston v. Lack, 487 U.S. 266, 276 (1988).

1   one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural
2   standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default
3   and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to
4   dismiss pursuant to its authority under Rule 4.

5   B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

6         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
7   1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of
8   habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
9   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.
10  586 (1997).

11        In this case, the petition was filed on May 17, 2009, and therefore, it is subject to the
12  provisions of the AEDPA.  The AEDPA imposes a one-year limitations period on petitioners seeking
13  to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,
14  subdivision (d) reads:

15      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court.  The
16  limitation period shall run from the latest of –

17      (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;
18
        (B) the date on which the impediment to filing an application created by
19  State action in violation of the Constitution or laws of the United States is removed, if
    the applicant was prevented from filing by such State action;
20
        (C) the date on which the constitutional right asserted was initially recognized by
21  the Supreme Court, if the right has been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or
22
        (D) the date on which the factual predicate of the claim or claims presented
23  could have been discovered through the exercise of due diligence.

24      (2) The time during which a properly filed application for State post-conviction or
    other collateral review with respect to the pertinent judgment or claim is pending shall
25  not be counted toward any period of limitation under this subsection.

26  28 U.S.C. § 2244(d).

27        In most cases, the limitations period begins running on the date that the petitioner's direct
28  review became final.  In this case, the petition for review was denied by the California Supreme

1  Court on June 13, 2007.  Thus, direct review concluded on September 11, 2007, when the ninety
2  (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle,
3  463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox,
4  159 F.3d 345, 347 (8th Cir.1998).  The statute of limitations commenced on the following day,
5  September 12, 2007, and expired one year later on September 11, 2008. Patterson v. Stewart, 251
6  F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until May 17,
7  2009, exceeding the due date by 248 days.  Absent any applicable tolling, the instant petition is
8  barred by the statute of limitations.
9  C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)
10       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
11 for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
12 pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In
13 Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is
14 properly pursuing post-conviction relief, and the period is tolled during the intervals between one
15 state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the
16 state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
17 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year
18 statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction
19 petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo,
20 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). If the state court states the petition was
21 untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the
22 claim, or whether its timeliness ruling was "entangled" with the merits." Carey, 536 U.S. at 226;
23 Pace, 544 U.S. at 414.
24       As previously stated, the statute of limitations began to run on September 12, 2007, and
25 expired on September 11, 2008.  Petitioner did not file any post-conviction applications for collateral
26 relief in the state courts in that time frame. His first and only state habeas petition was filed in the
27
28

California Supreme Court after expiration of the limitations period on October 29, 2008.[4] Since the limitations period had already expired, he is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).

Accordingly, the federal petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner raises several arguments for equitable tolling.  He claims he is a "mentally ill state prisoner on psych. medications, . . . a layman at law, semi-literate, [and] dependent upon other state prisoners" for assistance.  He further contends prison authorities have obstructed his assistant's law library access.  None of his arguments merit equitable tolling.

   1.  Mental Incompetence

Mental incompetency can, in certain circumstances, rise to the level of an "extraordinary circumstance" beyond a petitioner's control that warrants equitable tolling. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir.2003).  However, the circumstances must be exceptional. See Rhodes v. Senkowski, 82 F.Supp.2d 160, 168-70, 173 (S.D.N.Y. 2000); also U.S. v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) ("As a general matter, the federal courts will apply equitable tolling because of petitioner's mental condition only in cases of profound mental incapacity").

In the context of a defendant's ability to stand trial or plead guilty, the term "competence" has been defined to mean that the defendant had "a rational as well as factual understanding of the

---

[4] Petitioner contends the petition is dated September 23, 2008.  But even giving Petitioner the benefit of this date under the mailbox rule, it was not filed within the limitations period and thus can have no tolling consequences.

1  proceedings against him." Godinez v. Moran, 509 U.S. 389, 400-02 (1993); Dusky v. U.S., 362 U.S.
2  402 (1960). "The focus of a competency inquiry is the defendant's mental capacity; the question is
3  whether he has the *ability* to understand the proceedings." Godinez, 509 U.S. at 401 n.12.  A
4  defendant is incompetent only if he "'lacks the *capacity* to understand the nature and object of the
5  proceedings' . . . ." Id., *quoting*, Drope v. Missouri, 420 U.S. 162, 171 (1975). In Laws, the Ninth
6  Circuit signaled approval of the Godinez/Dusky standard of competence in evaluating a petitioner's
7  claim of mental incompetence for equitable tolling purposes.  351 F.3d at 923.
8       In addition, mental incompetency alone is not a per se reason to grant equitable tolling.
9  "Most mental illnesses are treatable, and with proper treatment many, if not most, sufferers are
10 capable of managing their own affairs." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996).
11 Petitioner must show that the alleged mental incompetence "in fact" caused him to fail to file a
12 timely habeas petition.  Laws, 351 F.3d at 923.
13      In this case, Petitioner makes only a vague claim of mental incompetence.  He states that he
14 is mentally ill and takes psychotropic medications.  He offers nothing in support of this claim.  He
15 does not identify what illness he suffers from, let alone how the illness affected his capacity and
16 ability to understand his legal proceedings.  He does not provide any specifics regarding his illness,
17 such as its onset, effect, and duration.  He does not state that he has ever been adjudicated
18 incompetent, or that his illness has ever resulted in hospitalization.  He offers no evidence in support
19 of the claim, such as psychological evaluations, medical reports or hospitalization records.  He
20 provides no details on the alleged psychotropic medication, such as what it is, when he started
21 treatment, the duration, whether there are any side effects, and how the medication caused him to be
22 untimely.  Petitioner's vague and generalized allegation of mental incompetence is insufficient to
23 establish an extraordinary circumstance justifying equitable tolling. See generally Roberts v.
24 Cockrell, 319 F.3d 690, 695 (5th Cir.2003); Fisher v. Gibson, 262 F.3d 1135, 1144-45 (10th Cir.
25 2001); Ross v. Hickman, 2001 WL 940911 (N.D. Cal. 2001).  More importantly, Petitioner fails to
26 show how his alleged mental illness caused him to be untimely. Laws, 351 F.3d at 923; Nara v.
27 Frank, 264 F.3d 310, 320 (3d Cir.2001), *overruled in part on other grounds in* Carey v. Saffold, 536
28 U.S. 214 (2002).  Even construing his claim of mental incompetence liberally, Petitioner completely

fails to make any showing that his alleged mental illness was an extraordinary circumstance sufficient to justify equitable tolling.

### 2. Illiteracy and Lack of Legal Skill and Knowledge

Petitioner claims he is only semi-literate and has no training in the law. Ignorance of the law and illiteracy are generally not extraordinary circumstances sufficient to justify equitable tolling. Hughes v. Idaho State Bd. of Corrections, 800 F.3d 905, 909 (9th Cir.1986); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir.2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000). In this case, Petitioner does not state how his lack of knowledge and semi-literacy caused him to be untimely. Moreover, these conditions are shared by many inmates and are not extraordinary.

### 3. Reliance on Fellow Inmate

Petitioner claims he relied on another inmate for assistance to his detriment. The reliance on another inmate will generally not provide grounds for equitable tolling. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir.2010), *citing* United States v. Cicero, 214 F.3d 199, 204 (D.C. Cir.2000). In this case, Petitioner's reliance on another inmate was entirely voluntary and at his own peril.

Petitioner further claims his inmate assistant was unable to access the law library at times. It follows that if reliance on another inmate for assistance is not an extraordinary circumstance, then any difficulties experienced by that assistant also cannot constitute an extraordinary circumstance. Petitioner voluntarily relied on the assistant; he must assume the consequences of that reliance. Additionally, Petitioner fails to state when the lockdowns and denials of law library access experienced by the assistant occurred. He provides documentation showing prison lockdowns occurred, but all of those incidents took place after the limitations period had expired; indeed, they occurred after the federal petition was filed in this case.

In sum, Petitioner fails to demonstrate that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418. Petitioner is not entitled to equitable tolling, and the petition remains untimely. Respondent's motion to dismiss should be granted.

**RECOMMENDATION**

1  Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
2  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to
3  comply with 28 U.S.C. § 2244(d)'s one year limitation period.
4  This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
5  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
6  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
7  California.  Within thirty (30) days after date of service of this Findings and Recommendation, any
8  party may file written objections with the Court and serve a copy on all parties.  Such a document
9  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to
10 the Objections shall be served and filed within fourteen (14) days after service of the Objections.
11 The Finding and Recommendation will then be submitted to the District Court for review of the
12 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
13 to file objections within the specified time may waive the right to appeal the Order of the District
14 Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 27, 2010**           **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California      cd                          8